(13 App. Div. 332.)

MYERS et al. v. PAINE et al.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. PLEADING—LACK OF NECESSARY ALLEGATIONS IN THE ANSWER.
    It is no defense to an action for a balance due for services rendered and money expended as a broker to allege in the answer that the account related to a pool to speculate in stocks, and that on a specified day the pool was dissolved by the withdrawal of one D., and "that it thereupon became the duty of plaintiffs to notify defendants that said D. had taken the stock to which he was entitled in said pool, and had withdrawn from the same," since there is no allegation that any duty was neglected, or that defendant sustained any injury.

2. SAME—WAIVER OF DEFECT.
    A defect in an answer is not waived by plaintiff permitting evidence to be given under it, where he insists on the defect at the close of the evidence.

Appeal from judgment on report of referee.

Action by Edward H. Myers and others against Clinton P. Paine and others for balance due for services rendered and money expend-

ed. There was a judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Eugene Hawkins, for appellants.

A. J. Simpson, for respondents.

WILLIAMS, J. Action to recover a balance alleged to be due and owing by the defendants for moneys expended and services rendered by plaintiffs, as brokers, in the purchase and sale of stock at the request of the defendants. The account was closed by plaintiffs December 17, 1895, when it was claimed that the gross charge or debit was $26,712.42, and that the stock was closed out, and realized $16,787.50, leaving a balance of $9,924.92, for which the action was brought. It was alleged in the fourth defense, added to the answer, by way of amendment, during the trial, that this account related to a share or interest taken by the defendants in a pool or combination to speculate in a certain stock, to which pool or combination Davis & Co. were parties, and in which they had an interest; that Davis & Co. withdrew from the pool or combination July 3, 1895, and notified plaintiffs of such withdrawal, and by reason thereof the pool or combination was dissolved, and it thereupon became the duty of plaintiffs to notify the defendants of such withdrawal. It was not alleged that the plaintiffs failed to notify the defendants of the withdrawal of Davis & Co., or that any injury resulted to the defendants by reason of the failure to give such notice, and the only relief asked by the defendants was a dismissal of the complaint. At the close of the evidence the plaintiffs moved that judgment in their favor be entered, upon the ground that no defense had been proved or established by the defendants within the issues raised by the pleadings. No application was made by the defendants to further amend their answer. The decision of this motion was reserved. The referee, in deciding the case, held that the matters in the statement of the fourth defense set forth in the defendants' answer constituted no defense to the plaintiffs' cause of action, and, in his opinion, said:

"The fourth defense set up in the defendants' answer is, in substance, that on or about the 3d day of July, 1895, the said pool was dissolved by the withdrawal therefrom of said S. D. Davis & Co. and 'that it thereupon became the duty of plaintiffs to notify defendants that said Samuel D. Davis & Co. had taken the stock to which they were entitled in said pool or combination, and had withdrawn from the same.' It is not alleged that such duty was neglected, or that the defendants sustained any injury in consequence of either the plaintiffs' omission to give such notice, or the withdrawal of Davis & Co., or the dissolution of the pool. I am unable to see how the matters alleged in this defense furnish any answer to the plaintiffs' cause of action."

The counsel for defendants, in his brief submitted on this appeal, states:

"That the failure of the plaintiffs' firm, Myers & Co., from July 1st to November 11th, to notify defendants, as members of the pool, that the maximum number of shares (8,000) had been bought and were held for the pool account July 1st; that Davis & Co. had taken up and paid for their interest (5,000 shares)

July 3d, and withdrawn from the pool, thereby terminating it as of that date; and that plaintiffs held defendants liable for their interest (1,000 shares),—was a breach of contract. That, by reason of this breach of contract by plaintiffs, defendants, in their adjustment of their account with plaintiffs, are entitled to be credited with a sum equivalent to the market price of 1,000 shares of the stock on July 1st, or within a reasonable time thereafter ($25 or $26 a share), and not at the market rates December 17th ($16⅞ to $17⅛), when plaintiffs sold the stock."

The claim is that, if the referee had considered this defense, the amount found due the plaintiffs would have been reduced to less than $1,000. It is apparent that this issue was not properly raised by the pleadings. There was no suggestion in the complaint of any pool or combination. That was first suggested in the answer. No denial of the allegation of the complaint raised such an issue. It was raised, if at all, by the allegations in the fourth defense. And those allegations were clearly insufficient to raise such issue; there being no allegation of breach of the contract, or of failure to perform the duty of notifying the defendants of Davis & Co.'s withdrawal from the pool or combination, or that any injury resulted to the defendants from such withdrawal, or the dissolution of the pool. Nor is any suggestion made in the demand for relief in the answer that the amount of the balance otherwise owing by the defendants should be reduced by reason of this breach of contract or neglect of duty on the part of the plaintiffs. There can be no claim made now that the question of the insufficiency of the pleadings was not raised. It was clearly suggested by the plaintiffs' motion at the close of the evidence, and neither at that time, nor at any time prior to the decision of the case, was any application made to further amend the answer so as to conform the pleadings to the proofs given on the trial. Under these circumstances, the defendants and appellants are not in a position, on appeal, to claim that the case was improperly decided, or should be reversed. It cannot be said that the plaintiffs, by permitting the evidence to be given, waived the defect in the pleading, or consented to the litigation of this issue. The evidence was competent under the pleading as it was; the defendant having sought, by reason thereof, to defeat the plaintiffs' right to recover any part of their claim. The only relief asked for was the dismissal of the complaint. The plaintiffs, at the close of the evidence, insisted upon the defect in the pleading, and waived nothing.

The judgment should be affirmed with costs. All concur.